IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT TENNESSEE
WESTERN DIVISION

_____

**Keith Kinnane,**

    **Plaintiff,**

vs.                                                          **Docket No.:** 22-cv-02093

**Dexter Winchester,**
**And**
**Pemberton Truck Lines, Inc.,**

    **Defendants.**

_____

**COMPLAINT FOR PERSONAL INJURIES**

_____

COMES NOW the plaintiff, Keith Kinnane, for cause of action against defendants, Dexter Winchester and Pemberton Truck Lines, Inc., hereby states and alleges the following:

1. The plaintiff is an adult resident of Shelby County, Tennessee, residing at 4499 Oak Road Bartlett, Shelby County, Tennessee 38002;

2. That the defendant, Dexter Winchester, is an adult resident of Bryson City, Swain County, North Carolina, residing at 480 Ledford, Bryson City, Swain County, North Carolina 28713-5961;

3. The Defendant, Pemberton Truck Lines, Inc., is a domestic corporation incorporated in 1982. The Defendant's agent for service of process is James Pemberton, 2530 Mitchell Street, Knoxville, Tennessee 37917-6138;

3. The facts and circumstances for which this cause of action arises occurred in Memphis, Shelby County, Tennessee.

4. That the plaintiff's cause of action arises in tort as a result of personal injuries and damages sustained to the plaintiff due to the negligent operation of a 2000 International AA operated by Dexter Winchester for the benefit of Pemberton Truck Lines, Inc;

5. That the accident occurred on or about March 26, 2021 on I-240 near Jackson Avenue, in Memphis, Shelby County, Tennessee;

6. That this Honorable Court has jurisdiction by virtue of diversity of citizenship and the minimum amount in controversy exceeds $75,000.00. Venue is proper;

7. That on or about March 26, 2021, the defendant, Dexter Winchester, was operating an International AA on behalf of his employer Pemberton Trucking Lines, Inc. . That Winchester was operating the vehicle under the direction, consent, control and within the scope employment with Pemberton Trucking at all relevant times. At the same time, the plaintiff, Keith Kinnane, was traveling in the same direction on I-240 in front of the defendant. When the traffic slowed down, the defendant smashed his truck into the plaintiff's motor cycle knocking the plaintiff to the asphalt and cement curb;

## ACTS OF NEGLIGENCE

8. The defendant was guilty of one or more of the following common law acts of negligence, each and every one of which were a direct and proximate cause of the injuries and damages to the plaintiff herein complained of, to wit:

    a.    Negligently failing to exercise that degree of care and caution as required of a reasonable, prudent person under the same or similar circumstances.

    b.    Negligently failing to maintain proper control of the vehicle.

    c.    Negligently failing to maintain a proper and safe outlook.

    d.    Negligently failing to devote full time and attention to the operation of a motor vehicle.

    e.    Negligently operating a vehicle in a reckless manner.

    f.    Failure to maintain a proper speed.

    g.    Negligently striking the rear of the plaintiff's vehicle.

    h.    Talking , eating and reading while driving;

9. The defendant was guilty of violating one or more of the following statutes of the State of Tennessee, each and every statute being in full force and effect at the time and place of the collision complained of, and each and every such violation constituting a separate and distinct act of negligence per se, and each and every act constituting a direct and proximate cause of the injuries and damages, to wit:

**T.C.A. 55-8-136 DRIVER TO EXERCISE DUE CARE**

    (a)    Notwithstanding the foregoing provisions of this chapter every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian upon any roadway, and shall give warning by sounding the horn when necessary, and shall exercise precaution upon observing any child or any confused or any incapacitated person upon a roadway.

  (b) Notwithstanding any speed limit or zone in effect at the time or right-of-way rules may be applicable, every driver of a motor vehicle shall exercise due care to avoid colliding with any other motor vehicle, either driven or legally parked, upon any roadway, or any road sign, guardrail or any fixed object legally placed within or beside the roadway right of way by operating such a motor vehicle at a safe speed, by maintaining a safe lookout, by keeping such a motor vehicle under proper control and by devoting full time and attention to operating such a motor vehicle, under the exercising circumstances to avoid endangering life, limb or property.

**T.C.A. 55-10-205 RECKLESS DRIVING**

  (a) Any person who drives any vehicle in willful or wanton disregard for the safety of persons or property commits reckless driving.

  10. The defendant is guilty of violating one or more of the following Ordinances of the City of Memphis, each and every Ordinance being in full force and effect at the time and place of the collision complained of, each and every such violation constituting a separate and distinct act of negligence per se, and each and every such act constituting a direct and proximate cause of the injuries and damages, to wit:

**SEC. 11-16-3 DUTY TO DRIVE AT SPEED, MAINTAINING LOOKOUT AND KEEP VEHICLE UNDER CONTROL**

Notwithstanding any speed limit or zone in effect at the time, or any right-of-way rules that may be applicable, every driver shall:

  (a) Operate his or her vehicle at a safe speed;

  (b) Maintain a safe lookout;

    (c)    Use due care to keep his or her vehicle under control.

**SEC. 11-16-44 RECKLESS DRIVING**

    (a)    Any person who drives any vehicle in a willful or wanton disregard for the safety of persons or property is guilty of reckless driving.

**SEC. 11-16-2 DUTY TO DEVOTE FULL TIME AND ATTENTION TO OPERATING THE VEHICLE**

It shall be unlawful for a driver of a vehicle to fail to devote full time and attention to operating such vehicle when such failure, under the then-existing circumstances, endangers life, limb or property.

**INJURIES AND DAMAGES**

11.    The plaintiff, Keith Kinnane, as a direct and proximate result of one or more of the above acts of negligence suffered the following injuries and damages to wit:

    a.    Severe and permanent injuries, either caused, or aggravated by the wrongs complained of, including but not limited to injury to his head, knee, and spinal cord.

    b.    Great physical pain, past, present and future.

    c.    Substantial medical expenses, past, present and future.

    d.    Loss of earning capacity, past, present and future.  This includes lost wages.

12. The plaintiff, Keith Kinnane, incurred medical expenses, past, present and future for treatment of the injuries sustained to him as a direct and proximate result of the negligence of the defendant set out herein.

13. That in order to alleviate his pain and suffering, the plaintiff has incurred reasonable and necessary hospital, doctor and medical expenses. That he continues to suffer from the injuries and will incur said expenses in the future and sues for the same.

**WHEREFORE, PREMISES CONSIDERED,** the plaintiff sues the defendant for actual compensatory damage for a sum not to exceed Two Hundred Twenty-Six Thousand Dollars ($226,000.00) and prays for damages as they appear upon the trial hereof, reserving the right to amend these pleadings to conform to the facts as they may develop and for costs and all such other general and further relief to which the plaintiff may be entitled to or which may be justified by the facts under the law or in equity.

The plaintiff herein demands a jury to try the issues when joined.

        Respectfully submitted,

        __s/John E Dunlap__
        John E. Dunlap (013223)

        Attorneys for the Plaintiff
        3340 Poplar Avenue, No. 320
        Memphis, Tennessee 38111
        (901) 320-1603
        (901) 320-6914
        jdunlap00@gmail.com